UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER E. CHAVEZ,

        Petitioner,

     v.

RON DAVIS,

        Respondent.

Case No.  16-cv-1679-TEH

ORDER OF DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY

    Petitioner, Roger E. Chavez, proceeds with a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  The original petition was dismissed with leave to amend and Petitioner has filed an amended petition.

I

    In 1993 Petitioner was sentenced to 16 years to life in state prison for second degree murder.  Parole was denied in 2010 by the Board of Parole Hearings ("BPH").

II

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application

that the applicant or person detained is not entitled thereto."
Id. § 2243.

    Petitioner argues that the imposition of a disproportionate
term and the failure to set a specific parole release date
violates his rights.

    In 2011, the United States Supreme Court overruled a line of
Ninth Circuit precedent that had supported habeas review in
California cases involving denials of parole by the BPH and/or
the governor.  See Swarthout v. Cooke, 562 U.S. 216 (2011).  The
Supreme Court held that federal habeas jurisdiction does not
extend to review of the evidentiary basis for state parole
decisions.  Because habeas relief is not available for errors of
state law, and because the Due Process Clause does not require
correct application of California's "some evidence" standard for
denial of parole, federal courts may not intervene in parole
decisions as long as minimum procedural protections are provided.
Id. at 220-21.  Federal due process protection for such a state-
created liberty interest is "minimal," the determination being
whether "the minimum procedures adequate for due-process
protection of that interest" have been met. The inquiry is
limited to whether the prisoner was given the opportunity to be
heard and received a statement of the reasons why parole was
denied.  Id. at 221; Miller v. Oregon Bd. of Parole and Post-
Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The
Supreme Court held in Swarthout that in the context of parole
eligibility decisions the due process right is *procedural*, and
entitles a prisoner to nothing more than a fair hearing and a
statement of reasons for a parole board's decision.").  This

2

procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. <u>Swarthout</u> at 220. The Ninth Circuit has acknowledged that after <u>Swarthout</u>, substantive challenges to parole decisions are not cognizable in habeas. <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046 (9th Cir. 2011).

To the extent Petitioner challenges the 2010 parole denial, this petition appears to be untimely. Petitioner has failed to address this issue in the amended petition. Regardless, he is not entitled to relief. Petitioner argues that the BPH erred with respect to state laws and procedures by failing to set a specific parole release date.

Petitioner's argument that the BPH violated state law and procedures only raises an issue of state law. As set forth in <u>Swarthout</u> the federal due process protections do not include adherence to California procedures. Challenges to the BPH's enactment of state laws and procedures must be presented in state court. Petitioner states that he presented his claims in state court but his challenges were all denied. This Court cannot overrule state court decisions or find that California courts incorrectly interpreted state law.

Regardless, Petitioner was sentenced to 16 years to life so there is a possibility that he will never be paroled. California's parole scheme contemplates that a prisoner sentenced to a term of years to life must be found suitable for parole before a parole date can be set. Criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code section 3041(b) and related implementing

1    regulations.  <u>See</u> Cal. Code Regs. tit. 15, § 2402.  If, pursuant

2    to the judgment of the panel, a prisoner will pose an

3    unreasonable danger to society if released, he must be found

4    unsuitable and denied a parole date.  Cal. Code Regs. tit. 15, §

5    2402(a).  The BPH does not sentence petitioner; only the

6    sentencing court can do that.  The BPH cannot revise sentences;

7    it can only act within California law to set parole dates, if

8    prisoners sentenced to an indeterminate term are found suitable

9    for parole at all.

10      Petitioner also argues that the denial of parole violated

11    the Eighth Amendment.  As noted above, petitioner was sentenced

12    to 16 years to life in prison for second degree murder.

13    Petitioner has not identified any authority that such a sentence

14    for second degree murder violates the Eighth Amendment.  His

15    sentence is consistent with state law and is not excessive or

16    disproportionate under clearly established Supreme Court

17    authority.  <u>See</u> <u>Ewing v. California</u>, 538 U.S. 11, 23 (2003)

18    ("'Eighth Amendment does not require strict proportionality

19    between crime and sentence"; "'[r]ather, it forbids only extreme

20    sentences that are "grossly disproportionate" to the crime"');

21    <u>see also</u> <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994-95 (1991)

22    (upholding sentence of life without the possibility of parole for

23    possession of 672 grams of cocaine by first time offender);

24    <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73-77 (2003) (affirming 25 years

25    to life sentence under Three Strikes law for petty theft of

26    $153.54 worth of videotapes).  These Supreme Court decisions

27    indicate that the term petitioner has served to date for the

28    crime of first degree murder is not so disproportionate as to

United States District Court
Northern District of California

violate the Eighth Amendment or due process.

                                III

     For the foregoing reasons and for good cause shown the petition is DISMISSED for the reasons set forth above.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (standard for COA).

     IT IS SO ORDERED.

Dated: 6/8/2016

                              THELTON E. HENDERSON
                              United States District Judge

G:\PRO-SE\TEH\HC.16\Chavez1679.dis.docx

United States District Court
Northern District of California

5